UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SQUARE 1 BANK,

    Plaintiff,

v.

HENRY LO, et al.,

    Defendants.

Case No. 15-cv-01059-WHO

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 31

## INTRODUCTION

This is one of the several civil and criminal cases in this district based on defendant Henry Lo's defrauding of plaintiff Square 1 Bank ("Square One") and other entities. Square One alleges that on the same date that Lo was first indicted, he transferred to his wife, defendant Jean Houston, the real property in which Lo and Houston were living at the time. Square One contends that this transfer was fraudulent under California's Uniform Fraudulent Transfer Act ("UFTA").[1] It seeks, among other remedies, avoidance of the transfer to the extent necessary to satisfy its claims against Lo. Houston moves to dismiss, arguing that this Court lacks personal jurisdiction over her and that she cannot be sued for fraudulent transfer because she is not a debtor to Square One.

There is no need for a hearing on this motion and the hearing set for September 9, 2015 is VACATED. Square One has made a prima facie showing of personal jurisdiction, and Houston has failed to show that Square One cannot bring its UFTA claims against her, the transferee of the purported fraudulent transfer. Her motion is DENIED.[2]

---

[1] After this case was filed, the California Legislature passed legislation that changes the name of the UFTA to the "Uniform Voidable Transactions Act" and makes various other amendments to the statutory framework. The amendments have not yet taken effect.

[2] I GRANT Square One's request for judicial notice, Dkt. No. 32, and DENY its request to strike Houston's declaration, Dkt. No. 31-1, to the extent the declaration relates to Houston's jurisdictional arguments as opposed to the merits of the claims against her.

**BACKGROUND**

On October 31, 2012, Square One filed an action against Lo in this district in connection with a loan that Square One had granted to AbsolutelyNew, Inc. ("ANI") around the time that Lo was serving as ANI's chief financial officer. *Square 1 Bank v. Lo*, No. 12-cv-05595-JSC (N.D. Cal. filed Oct. 31, 2012) ("*Lo I*"). The operative complaint brings a number of causes of action against ANI and Lo – including breach of contract, negligent misrepresentation, and conversion – and seeks more than $4 million in damages. *Id.* at Dkt. No. 8. On December 16, 2013, the Hon. Jacqueline Corley issued a temporary protective order ("TPO") prohibiting Lo from transferring, directly or indirectly, any interest in real property pending further order of the court. *Id.* at Dkt. Nos. 54, 57. The TPO remains in effect and the case remains pending before Magistrate Judge Corley.

On August 19, 2014, Lo was indicted for wire fraud, mail fraud, fraudulent use of an unauthorized device, and criminal forfeiture for allegedly defrauding ANI of approximately $2,000,000 between January 2008 and February 2012. *United States v. Lo*, No. 14-cr-00442-WHO (N.D. Cal. filed Aug. 19, 2014) ("*Lo II*"). Judgment was entered on April 15, 2015. *Id.* at Dkt. No. 64. Lo pled guilty to two counts of wire fraud and one count of mail fraud and was sentenced to 70 months in prison and $2,232,894.39 in restitution, $2,198,194.85 of which is to be paid to Square One.[3] *Id.*

Square One filed the instant case on March 6, 2015. Dkt. No. 1 ("Compl."). The complaint alleges that in or around June 2012, Houston and Lo acquired as community property the real property located at 55 San Fernando Way, San Francisco, California (the "Property"). Compl. ¶ 10. Houston and Lo subsequently resided together at the Property as husband and wife. *Id.* ¶ 11. On August 19, 2014, the same day Square One filed *Lo II*, Houston and/or Lo recorded with the San Francisco Recorder's Office an interspousal transfer deed transferring the Property to Houston as her sole and separate property. *Id.* ¶ 12. Houston and/or Lo then listed the Property for sale and entered an agreement to sell it to a third party. *Id.* ¶ 13.

---

[3] ANI requested that the restitution owed to it be paid directly to Square One. *Lo II*, No. 14-cr-00442-WHO, Dkt. No. 29 at 1 n.1.

2

Based on the execution and recording of the interspousal transfer deed, the complaint brings three fraudulent transfer causes of action against Houston and Lo: (1) fraudulent transfer in violation of California Civil Code § 3439.04(a)(1), for making a transfer with the intent to hinder, delay, or defraud a creditor; (2) fraudulent transfer in violation of California Civil Code § 3439.04(a)(2), for making a transfer without receiving a reasonably equivalent value in exchange, and the debtor either was engaged in a transaction for which his remaining assets were unreasonably limited, or he intended to incur or reasonably should have believed that he would incur debts beyond his ability to repay; and (3) fraudulent transfer in violation of California Civil Code § 3439.05, for making a transfer without receiving a reasonably equivalent value in exchange, and the debtor either was insolvent at the time of the transfer or became insolvent as a result.

On March 5, 2015, the day before Square One filed the instant case, the government moved in *Lo II* for an order restraining Lo and his family members from transferring or selling the Property and authorizing the government to record a notice of lis pendens against it. *Lo II*, No. 14-cr-00442-WHO, Dkt. No. 28. The government stated that it sought the order so that the Property would be available for the payment of restitution under the Mandatory Victims Restitution Act. *Id.* On the same date, Houston, Lo, and the government entered a stipulation agreeing that any proceeds from the sale of the Property would be deposited into the Court's registry. *Id.* at Dkt. No. 31. I then issued an order directing that "[a]ll net proceeds" received by Lo or Houston from the sale of the Property be deposited into the Court's registry "pending resolution of the parties' rights to the net proceeds." *Id.* at Dkt. No. 33. There have been no further submissions or orders regarding the proceeds from the sale of the Property.

On March 9, 2015, Square One filed in this action a notice of lis pendens against the Property. Dkt. No. 6. On April 3, 2015, Houston moved to release the lis pendens and to allow the net proceeds from the sale of the Property to be paid into the Court's registry pursuant to the March 5, 2015 order in *Lo II*. Dkt. No. 11. On April 10, 2015, I granted the motion and ordered that the net proceeds from the sale of the Property be deposited into the Court's registry and be governed by the March 5, 2015 order in *Lo II*.

3

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067–68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid . . . dismissal" under this standard. *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

Houston also moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Where a defendant seeks dismissal for lack of personal jurisdiction, the plaintiff has the burden to demonstrate that personal jurisdiction exists. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). "However, the plaintiff must make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (internal quotation marks omitted). "[U]ncontroverted allegations in the complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks omitted). But the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

**DISCUSSION**

Houston moves to dismiss the claims against her on two grounds: first, because this Court lacks personal jurisdiction over her; and second, because the fraudulent transfer claims may be brought only against Lo, not against her. Neither argument has merit.

4

## I. PERSONAL JURISDICTION

In support of her Rule 12(b)(2) motion, Houston states that she was a resident of California at the time this case was filed but was residing in Oregon by the time Square One mailed her a summons and complaint on June 29, 2015.[4] Mot. at 3 (Dkt. No. 31). She submits a declaration in which she states that she left California on June 13, 2015 and moved into her new residence in Oregon the following day. Houston Decl. ¶ 3 (Dkt. No. 31-1). She further states that she is no longer a resident of California, no longer has any interest in real property in California, and has "no further connection" to the state. *Id.* ¶ 21.

Square One responds that this Court has both general and specific jurisdiction over Houston, and that in any event Houston consented to personal jurisdiction by moving for the release of the lis pendens. Opp. at 4-9 (Dkt. No. 32).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). "California's long-arm statute authorizes the court to exercise personal jurisdiction over a nonresident defendant on any basis not inconsistent with the California or federal Constitution." *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996). Thus, because California's long-arm statute "is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01.

Due process requires that a nonresident defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "[T]he nature and quality of contacts necessary . . . depends upon the type of jurisdiction asserted." *Fireman's Fund*, 103 F.3d at 893. "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and

---

[4] Houston states that she received and signed for the summons and complaint on July 3, 2015. Houston Decl. ¶ 22. She does not challenge the sufficiency of service. *See* Mot. at 3-4.

systematic' contacts with the forum state." *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986); *see also Menken v. Emm*, 503 F.3d 1050, 1056-57 (9th Cir. 2007) (general jurisdiction requires a showing that the "defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes"). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (internal quotation marks omitted).

Specific personal jurisdiction allows a court to exercise jurisdiction over a defendant only where the defendant's forum-related activities gave rise to the action before the court. To determine whether specific jurisdiction exists, the Ninth Circuit applies a three-part test:

> (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Harris Rutsky*, 328 F.3d at 1129; *accord Menken*, 503 F.3d at 1056-57.

Square One has made a sufficient showing of specific jurisdiction to defeat the motion to dismiss. Houston "consummate[d] some transaction" with California and "purposefully avail[ed] [her]self of the privileges of conducting activities in the forum," *Harris Rutsky*, 328 F.3d at 1129, by, among other things, purchasing the Property and later executing the interspousal transfer deed concerning it. *See* Compl. ¶ 10; Houston Decl. ¶ 11 ("Lo and I . . . purchased the Property using proceeds from the sales of prior homes beginning in April 2003."). This lawsuit plainly arises out of and relates to the purchase and the transfer of the Property, and Houston's other activities in the state. *See Fireman's Fund*, 103 F.3d at 894 ("[A] lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action.").

Where a plaintiff satisfies these first two prongs, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken*, 503

F.3d at 1057. In determining whether the defendant has presented a compelling case, the court balances the following factors, recognizing that none in itself is dispositive:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (internal quotation marks and alterations omitted); *accord W. States Wholesale*, 715 F.3d at 745.

Application of these factors does not present a compelling case for Houston. Far from it. The complaint and her declaration indicate that she resided in California up to and through the date this action was filed and participated in the purchase and sale of multiple pieces of real property in the state.[5] *See* Compl. ¶¶ 4, 12; Houston Decl. ¶¶ 11, 20. This is a significant "purposeful interjection into the forum state's affairs." *Terracom*, 49 F.3d at 561. Houston offers no basis for concluding that exercising jurisdiction over her creates any conflict with the sovereignty of Oregon, or that California lacks a significant interest in being the forum for a dispute over property located and conduct that occurred within the state. *See* Reply at 6-7 (Dkt. No. 33). Nor does she dispute that convenience and efficiency concerns favor hearing this case in

---

[5] Indeed, both the complaint and Houston's declaration strongly indicate that she was domiciled in California up to and through the date this action was filed. The complaint alleges that Houston "is now, and at all material times hereto has been, a citizen of the State of California, with her residence and domicile in the County of San Francisco," and that "at all times since June 2012," Houston and Lo resided at the Property. Compl. ¶¶ 4, 12. In line with these allegations, Houston states in her declaration that the Property was her residence, and that "[a]t the time the action was filed, [she] was a resident of the State of California and County of San Francisco." Houston Decl. ¶¶ 11, 20. Nothing in Houston's declaration indicates that at any time before June 13, 2015, she did not both reside and intend to remain in California.

Square One contends that this means that this Court has general as well as specific jurisdiction over Houston for the purposes of this action. *See* Mot. at 5-6; *see also Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 913 n.7 (9th Cir. 2011) (noting that "general jurisdiction is determined at the time the suit was filed") *rev'd on other grounds sub nom. Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Because I find that specific jurisdiction exists, I do not address whether the Court also has general jurisdiction over Houston, or whether she consented to personal jurisdiction by moving for the release of the lis pendens.

7

this district, where the rest of the civil and criminal claims against Lo have been or are being heard and where this Court is quite familiar with many of the underlying facts. *See id.*

Houston argues instead that exercising jurisdiction over her is unreasonable because Lo, not her, is the real wrongdoer in this case. She contends that Square One "cannot seek additional compensation from [her] when the [government] has determined . . . that Lo is the sole party at fault for the fraudulent acts against plaintiff." *Id.* It is true that Houston has not been squarely accused of any wrongdoing in any of the web of cases in this district involving Lo. As discussed below, however, this does not preclude Square One from naming her as a defendant in this action. Nor does it provide a basis for finding the exercise of personal jurisdiction over her unconstitutional.

While it may be that having to litigate in this district is a burden for Houston, and that there are other forums where this action could be brought, these factors are far outweighed by the others discussed above. Square One has made a prima facie showing of personal jurisdiction.

## II. FRAUDULENT TRANSFER CLAIMS

Houston contends that Square One cannot maintain the fraudulent transfer claims against her because she is not a "debtor" to Square One. The claims are brought under California Civil Code §§ 3439.04(a)(1)-(2), and 3439.05, which provide as follows:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>
> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

8

Cal. Civ. Code §§ 3439.04(a)(1)-(2).

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Cal. Civ. Code § 3439.05.

Houston argues that because each statute applies only where the transfer or obligation was made by a "debtor," and only Lo was a debtor to Square One, this action can be maintained only against him, not against her.

This argument is not convincing. The UFTA allows a defrauded creditor "to reach property in the hands of a transferee." *Mejia v. Reed*, 31 Cal.4th 657, 663 (2003). California Civil Code § 3439.07, the UFTA's remedies provision, enables a prevailing creditor to obtain, among other remedies, "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim," "[a]n injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or its proceeds," and "[a]ny other relief the circumstances may require." Cal. Civ. Code § 3439.07. Where a creditor seeks avoidance of the transfer, and the transfer is found to be voidable, "judgement may be entered against . . . [t]he first transferee of the asset," and "the creditor may recover judgment for the value of the asset transferred, . . . or the amount necessary to satisfy the creditor's claim, whichever is less." Cal. Civ. Code § 3439.08. California Civil Code § 3439.08, the UFTA's "protection of transferee" provision, establishes that "[a] transfer or an obligation is not voidable under [section 3439.04(a)(1)] against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee." Cal. Civ. Code § 3439.08. Section 3439.08 further ensures that "notwithstanding the voidability of a transfer or an obligation . . . , a good faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to . . . [a] reduction in the amount of the liability on the judgment." Cal. Civ. Code § 3439.08.

These provisions plainly contemplate that fraudulent transfer claims may be brought, and

judgments obtained, against transferees as well as debtors. Indeed, creditors routinely bring UFTA fraudulent transfer actions against transferees. *See, e.g., Mejia v. Reed*, 31 Cal.4th 657, 661 n.1 (2003) (mother of husband's child sued husband, who owed her child support, and husband's former wife, who had obtained husband's interest in real property through marital settlement agreement); *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008) (bankruptcy trustee of entity operated as illegal Ponzi scheme sued various entity investors to recover payouts made with funds raised from other investors); *Renda v. Nevarez*, 223 Cal. App. 4th 1231, 1234 (2014) (judgment creditor sued judgment debtor and various sham entities to which judgment debtor had transferred assets); *State Bd. of Equalization v. Woo*, 82 Cal. App. 4th 481, 482-83 (2000) (government sought earnings withholding against wife to recover husband's tax debt after husband and wife entered marital agreement transmuting their future earnings to separate property).

This is true even where, as Houston contends is the case here, the transferee lacks knowledge of the fraudulent nature of the transfer. *See, e.g., AFI*, 525 F.3d at 702, 707-08. Of course, under section 3439.08, a "good faith transferee" is entitled to "[a] reduction in the amount of the liability on the judgment," and one who "took . . . for a reasonably equivalent value" cannot have the transfer voided against her. Cal. Civ. Code § 3439.08. But these good faith transferee provisions do not automatically preclude a creditor from bringing a fraudulent transfer claim against a transferee in the first instance, and in the circumstances of this case, they are not amenable to resolution on a motion to dismiss.

Houston cites no authority to the contrary. As the moving party, it is her burden to show that Square One cannot maintain its claims against her. She has not done so.

## CONCLUSION

The motion to dismiss is DENIED. Houston shall answer the complaint within fourteen days of this Order.

**IT IS SO ORDERED**.

Dated: September 3, 2015

_____
WILLIAM H. ORRICK
United States District Judge

10